MRS. HELM P. POWELL, ADMINISTRATRIX, v. HOOKERTON TERMINAL COMPANY.

(Filed 15 September, 1920.)

**Bills and Notes—Lost Collateral—Trusts and Trustees—Right of Action—Judgments—Rights of Pledgor.**

> Defendant gave its renewal notes to plaintiff for the purchase of shares of stock in a banking corporation, endorsed by its agent and with the consent of all parties concerned except the plaintiff. The shares were placed in the hands of a trustee to be delivered to the endorser, the defendant's agent, upon the payment of the note they secured. The shares of stock were misplaced or lost by the trustee, and it was *Held,* not to be required that the plaintiff produce the shares of stock before her right of action accrued on the past due note, she not being chargeable with, or in default for, the loss of the shares; and a judgment requiring the plaintiff to give sufficient indemnifying bond, both to the defendant and the bank, upon the payment by the defendant of the note and retaining the cause for the plaintiff to take such other steps as she may be advised upon the nonpayment of the note, is a proper one.

APPEAL by defendant from *Lyon, J.,* at March Term, 1920, of EDGE-COMBE.

This is an action on a note for $300, given by the defendant to the plaintiff. It is one of three notes, the other two having been paid. All

were endorsed by Mr. H. C. Bridgers, and were given for the purchase of stock in the First National Bank of Tarboro. Stock of said bank was, by agreement between all the parties except the plaintiff, deposited with Ed. Pennington to hold as trustee to secure the payment of the notes, with a stipulation that as and when the serial notes are paid, the certificate of stock in the hands of Mr. Pennington, as trustee, which secured the note so paid, should be surrendered by the trustee to Mr. H. C. Bridgers, the endorser, and who represented, and was acting for, the defendant, as agent. The note in suit was originally one of a set of twelve notes secured by the same collateral, the other eleven having been paid, and the certificates held by the trustee as collateral having been surrendered according to the agreement. The certificate for the five shares securing the note sued on has been lost or mislaid by the trustee, but by no fault of the plaintiff, who was not a party to the agreement as to depositing the certificates with Mr. Pennington. Defendant now insists that the plaintiff had no right of action until she had tendered the certificate for the five shares of the stock held by Mr. Pennington, as trustee, as collateral to her note, and that she is not entitled to recover any costs because of her failure to surrender the collateral, or to offer so to do, to the defendant. The court required plaintiff to give an indemnifying bond in the sum of $900 to defendant, and also one in the sum of $2,000 to the bank, which was done.

The court held that plaintiff is not required to produce the certificate for five shares of bank stock, or, if it is lost, to cause another one to be issued before she can recover.

Judgment was thereupon rendered for the plaintiff upon the note, and for costs, with this provision inserted therein: "This cause is retained to the end that if said judgment is not paid, then the plaintiff can take such other and further action herein as she may be advised towards selling said stock for the payment of the said judgment."

Defendant and Mr. H. C. Bridgers excepted to the judgment, and to the ruling against them, and appealed.

*W. O. Howard for plaintiff.*
*John L. Bridgers for defendant.*

WALKER, J., after stating the case: There is no rule of law which requires the plaintiff, before bringing this action, and upon the special facts of the case, to produce and deposit the stock. If any such action on her part as to the deposit of the certificate in court, so that it could be surrendered when the judgment is paid, was necessary as a condition precedent to her having judgment upon her note, the admitted fact that the certificate had been lost, and that indemnity bonds had been given,

as ordered by the court, supplied the place of such production and tender of the original certificate, or a new certificate as a substitute for it. She did not have the possession of the stock, under the agreement, but Mr. Pennington, as trustee, had it, and received it at the special instance and request of Mr. Bridgers, the endorser, and the defendant, with the concurrence of the bank. She was not trusted with it, and is not responsible for its keeping and production. It would be a hard measure to impose such a duty or obligation upon her when the necessary means and opportunity of producing it was taken from her by an agreement between the other parties. She acquired a benefit by the deposit of the stock as collateral, but this was done under the law, and by no provision in the agreement. The defendants could not tie her hands and then ask that she be required to do what, by their own action, they have prevented her from doing. Under the terms of the agreement between defendants, they were required to pay the note and take it to the trustee, Pennington, and demand the collateral. If he could not produce it, because he had lost it, it becomes a matter between him and the other defendants, and Mrs. Powell was placed in no default by reason thereof. We think this clearly the law, and, moreover, is right and just.

Although no authorities were cited to us, we are of the opinion that the foregoing views are fully sustained by *Bateman v. Hopkins,* 157 N. C., 470. As said substantially in that case, How can the defendants have been hurt if they are fully assured by the indemnity bond required that no loss can come to them? There is another principle of that case that applies strongly here, which is, that if defendants' own laches have prevented the plaintiff from complying with their present demand, the law affords them no relief. It will simply proceed to do justice according to the facts, and not give to the defendants a relief which has been forfeited by their own conduct in the matter. If they preferred the method of depositing the collateral with Mr. Pennington, and the certificate has been lost by him, they must take the consequences, as it would be contrary to all our notions of justice to visit upon Mrs. Powell, an innocent party, any part of their misfortune, which they solely have brought upon themselves. We do not say that defendants were negligent, but that Mrs. Powell, the plaintiff, was not.

If the collateral had been deposited with the plaintiff, the question might be different. Why did not the defendants have new stock issued and deposited with the trustee? This is not explained.

There was no error.

Affirmed.